# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re*: **I.C.**

**No. 15-0710** (Calhoun County 15-JA-2)

**FILED**

November 23, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father C.C., by counsel D. Kyle Moore, appeals the Circuit Court of Calhoun County's June 30, 2015, order terminating his parental rights to two-year-old I.C. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), Erica Brannon Gunn, filed a response on behalf of the child, also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying his motion for an improvement period and failed to make findings that the DHHR made reasonable efforts to reunify the family.[1]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In January of 2015, the DHHR filed an abuse and neglect petition against petitioner alleging that he exposed I.C. to illegal drug use and convicted criminals and allowed I.C. to live with inappropriate individuals. Petitioner waived his right to a preliminary hearing. The circuit court ordered petitioner to submit to random drug tests and granted him supervised visitation with I.C.

In March of 2015, the circuit court held its adjudicatory hearing. Petitioner stipulated that he abused and neglected I.C. Specifically, petitioner admitted that he failed to protect I.C., exposed I.C. to illegal drug use and convicted criminals, and allowed I.C. to live with inappropriate individuals.[2] In April and May of 2015, the circuit court held dispositional

---

[1]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

[2]I.C.'s mother voluntarily relinquished her parental rights during the adjudicatory hearing.

hearings. During the hearings, petitioner testified that he successfully participated in parenting classes, counseling sessions, random drug tests, and supervised visitation since the inception of the underlying case. The circuit court heard further evidence that petitioner was involved in a prior abuse and neglect proceeding involving similar circumstances. In the prior proceeding, petitioner was provided with services as part of a court-ordered improvement period, which he completed, and the matter was ultimately dismissed with petitioner's parental rights intact. Despite completing his prior improvement period, the circuit court heard testimony that petitioner failed to implement the skills he learned in the prior proceeding as evidenced by his conduct which necessitated the filing of the underlying petition. Petitioner admitted that after I.C. was returned to his care in the previous abuse and neglect case, that he left I.C. with an unknown man at the bus stop, while he visited a friend. A service worker testified that there were no additional services that could be offered to petitioner to remedy the conditions of abuse and neglect. Further, Doctor Timothy Saar testified that petitioner did not benefit from the prior services. At the conclusion of the hearing, the circuit court denied petitioner's motion for an improvement period and terminated his parental rights to I.C. It is from this order that petitioner appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner assigns error to the circuit court's termination of his parental rights without first granting his motion for an improvement period. Pursuant to West Virginia Code § 49-6-12(b)(2), circuit courts have discretion to grant an improvement period when the parent "demonstrates, by clear and convincing evidence, that the [parent] is likely to fully participate in the improvement period . . . ." In the case sub judice, it is clear that the circuit court did not abuse its discretion in denying petitioner's motion. As outlined above, petitioner was provided services in a prior abuse and neglect proceeding to correct the conditions that led to his neglect of I.C., but he failed to follow through with those services as evidenced by his conduct which necessitated the filing of the underlying petition. Following the completion of his prior improvement period, he continued to place I.C. in unsafe and dangerous situations. Moreover, the circuit court heard testimony that petitioner failed to benefit from his prior services.

Therefore, following our thorough review of the record on appeal, we find no error in the circuit court's order denying petitioner's motion for an improvement period.

Finally, relying on *In re Lilith H.*, 231 W.Va. 170, 744 S.E.2d 280 (2013) and West Virginia Code § 49-6-5, petitioner assigns error to the adequacy of the circuit court's findings and conclusions in its June 30, 2015, order. While petitioner argues that the circuit court failed to make specific findings that the DHHR made reasonable efforts to preserve and reunify the family, the record is clear that such a finding would be supported by the record. A review of the transcripts on appeal reveal that the DHHR provided petitioner with random drug screens and supervised visitations with I.C. and a psychological evaluation. Petitioner also testified that he attended counseling sessions at the Day Report Center. Similarly, petitioner's case worker testified that there were no additional services that could be offered to petitioner that were not offered in the prior abuse and neglect proceeding, to remedy the conditions of the current abuse and neglect. As such, the Court finds no error in the circuit court's failure to include a specific finding that the DHHR made reasonable efforts to preserve and reunify the family, because the same is apparent from the evidence below.

For the foregoing reasons, we find no error in the circuit court's June 30, 2015, order, and we hereby affirm the same.

Affirmed.

**ISSUED**: November 23, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II